# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 18-1036** (Berkeley County 18-F-197)

**Kenneth Andrew Rogers, II,**
**Defendant Below, Petitioner**

**FILED**

**January 13, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Kenneth Andrew Rogers, II, by counsel Matthew T. Yanni, appeals the order of the Circuit Court of Berkeley County, entered on October 14, 2018, accepting petitioner's plea of "no contest" to felony embezzlement and sentencing him to imprisonment for a term of one to ten years in the West Virginia State Penitentiary. Respondent State of West Virginia appears by counsel Patrick Morrisey and Elizabeth Grant.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Rogers was indicted in May of 2018 on charges of embezzlement and petit larceny arising from the theft of $5,400 from his employer ("the victim"). He entered into an agreement with the State wherein he agreed to plead no contest to embezzlement in exchange for the State's agreement to not seek post-conviction bail. The agreement further provided the State's assurance that it would recommend that Mr. Rogers receive a suspended sentence and be placed on probation if Mr. Rogers complied with the terms of his pretrial supervision. The agreement also provided that "[i]f the [d]efendant should violate any terms of his bond or commit any new criminal conduct prior to [s]entencing before the [c]ircuit [c]ourt, this agreement shall be voidable at the State's discretion."

The State filed a motion to revoke petitioner's bail in September of 2018, on the ground that petitioner harassed the victim. The circuit court conducted a hearing on the motion on October 2, 2018. The State requested that it be relieved of its agreement to recommend the suspended sentence. Petitioner's counsel responded, "My request is that we have a hearing on the motion to revoke bail and if the [c]ourt believes that the State has satisfied its burden then at that time it could relieve the State of its burden." The court agreed and proceeded to take evidence. Petitioner's former employer, the victim, testified that petitioner and his co-defendant had been driving "past

1

[his] business hollering obscene things[,] vulgar language" at him, and that petitioner directed similar behavior at the victim's wife. The victim testified, "He's also made numerous phone calls to friends and family members of his contacting me and saying different vulgar things back and forth." Specifically, he testified that petitioner yelled, "[T]ry to prove that I stole your money bag and all kind of stuff. Just calling me M-F'er and all kinds of vulgar language." The circuit court found that the victim's testimony was credible and that it established that petitioner violated the provision of his bond requiring that he have no contact with the victim.

The circuit court conducted a plea hearing on October 15, 2018. Petitioner's counsel indicated that petitioner wished to go forward with his plea of no contest, and he affirmed that there was "nothing binding" on the circuit court with regard to sentencing. The court accepted the plea and immediately proceeded to sentence petitioner. The court found that petitioner was not suitable for a suspended sentence or home confinement and sentenced him to serve a term of imprisonment for one to ten years for his conviction of embezzlement.

Petitioner appeals the circuit court's judgment and sentencing orders. He assigns error, first, to the asserted failure of the circuit court to recognize that the State breached the plea agreement when it did not recommend that Mr. Rogers be placed on probation and, second, that the circuit court abused its discretion in allowing the State to "withdraw" a recommendation of probation. Each assignment of error calls into question the State's responsibilities concerning its agreement with petitioner, and we therefore review the assignments of error according to the following standard:

> "Cases involving plea agreements allegedly breached by either the prosecution or the circuit court present two separate issues for appellate consideration: one factual and the other legal. First, the factual findings that undergird a circuit court's ultimate determination are reviewed only for clear error. These are the factual questions as to what the terms of the agreement were and what was the conduct of the defendant, prosecution, and the circuit court. If disputed, the factual questions are to be resolved initially by the circuit court, and these factual determinations are reviewed under the clearly erroneous standard. Second, in contrast, the circuit court's articulation and application of legal principles is scrutinized under a less deferential standard. It is a legal question whether specific conduct complained about breached the plea agreement. Therefore, whether the disputed conduct constitutes a breach is a question of law that is reviewed *de novo*." Syllabus Point 1, *State ex rel. Brewer v. Starcher*, 195 W.Va. 185, 465 S.E.2d 185 (1995).

Syl. Pt. 1, *State v. Martin*, 225 W. Va. 408, 693 S.E.2d 482 (2010).

In support of his assignments of error, petitioner briefly sets forth various legal precepts concerning the parties' duties relative to a plea agreement. He makes no effort, however, to apply those precepts to the facts before us. Petitioner having made no effort to demonstrate that the court reached unreachable conclusions concerning petitioner's contact with the victim, we find no error in the circuit court's conclusion that petitioner's overtures toward the victim violated his agreement with the State, thus freeing the State of its obligations thereunder. Petitioner chose to proceed in

entering his plea of guilty with this knowledge. "A guilty plea based on competent advice of counsel represents a serious admission of factual guilt, and where an adequate record is made to show it was voluntarily and intelligently entered, it will not be set aside." Syl. Pt. 3, *State ex rel. Burton v. Whyte*, 163 W. Va. 276, 256 S.E.2d 424 (1979). We thus find no reason to set aside petitioner's plea.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 13, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison